**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| KENNETH GORDON, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | No.: 1:18-cv-01831 |
| Plaintiff, | ) ) ) | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF** |
| v. | ) ) ) | **KEVIN BRICE AND JAMES FITZPATRICK FOR APPOINTMENT AS LEAD** |
| MIMEDX GROUP, INC., PARKER H. PETIT, AND MICHAEL J. SENKEN, | ) ) ) | **PLAINTIFFS AND APPROVAL OF COUNSEL** |
| Defendants. | ) ) | |

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS ........................................................................................................1

ARGUMENT ............................................................................................................................4

      A.      BRICE AND FITZPATRICK SHOULD BE APPOINTED LEAD
              PLAINTIFFS ...........................................................................................................4

              1.      Brice and Fitzpatrick are Willing to Serve as Class Representatives ..........5

              2.      Brice and Fitzpatrick Have the "Largest Financial Interest" ......................5

              3.      Brice and Fitzpatrick Otherwise Satisfy the Requirements of Rule
                     23 of the Federal Rules of Civil Procedure ...................................................6

              4.      Brice and Fitzpatrick Will Fairly and Adequately Represent the
                     Interests of the Class and are Not Subject to Unique Defenses .................9

      B.      LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE
              APPROVED .............................................................................................................9

CONCLUSION.........................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

<u>**Cases**</u>

*A.F.I.K. Holding SPRL v. Fass*,
  216 F.R.D. 567 (D. N.J. 2003)........................................................................6

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997)........................................................................................8

*Baby Neal v. Casey*,
  43 F.3d 48 (3d Cir. 1994)...............................................................................7

*Beck v. Maximus, Inc.*,
  457 F.3d 291 (3d Cir. 2006).........................................................................7, 8

*Danis v. USN Communs., Inc.*,
  189 F.R.D. 391 (N.D. Ill. 1999).....................................................................7

*Fischler v. Amsouth Bancorporation*,
  176 F.R.D. 583 (M.D. Fla. 1997)...................................................................7

*Gluck v. Cellstar Corp.*,
  976 F. Supp. 542 (N.D. Tex. 1997) ...............................................................7

*Greebel v. FTP Software*,
  939 F. Supp. 57 (D. Mass. 1996) ...................................................................7

*In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*,
  2004 U.S. Dist. LEXIS 10200 (E.D. Pa. Jun. 3, 2004)..................................6

*In re Comverse Tech., Inc., Sec. Litig.*,
  2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007) ...............................6

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp.2d 286 (E.D.N.Y. 1998) ..............................................................6, 7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) .....................................................................7

*In re Vicuron Pharms., Inc. Sec. Litig.*,
  225 F.R.D. 508 (E.D. Pa. 2004)......................................................................6

*Janovici v. DVI, Inc.*, No. 03-4795,
  2003 U.S. Dist. LEXIS 22315 (E.D.Pa. Nov. 25, 2003)................................6

*Lax v. First Merch. Acceptance Corp.*,
   1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997)............................................................6

*MacPhee v. MidMex Group, Inc. et al*,
   1:18-cv-00830 (N.D. Ga. Feb. 23, 2018) ..............................................................................5

*Osher v. Guess ?, Inc.*,
   2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) .........................................................9

*Riordan v. Smith Barney*,
   113 F.R.D. 60 (N.D. Ill. 1986)................................................................................................8

## **Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(iii) ................................................................................ *passim*

## **Rules**

Federal Rules of Civil Procedure Rule 23 ............................................................... *passim*

Federal Rules of Civil Procedure Rule 42 ...............................................................1, 7

Movants Kevin Brice and James Fitzpatrick (together, "Brice and Fitzpatrick") respectfully submits this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for the entry of an Order:  (1) appointing Brice and Fitzpatrick as Lead Plaintiffs on behalf of all persons and entities that purchased or otherwise acquired securities of MiMedx Group, Inc. ("MiMedx" or the "Company") between March 7, 2013 and February 21, 2018, both dates inclusive (the "Class Period"); (2) approving Lead Plaintiffs' selection of Pomerantz LLP ("Pomerantz") as Lead Counsel; and (3) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Brice and Fitzpatrick, with losses of approximately $380,385 in connection with their purchases of MiMedx securities during the Class Period, have the largest financial interest in the relief sought in this action.  Brice and Fitzpatrick further satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure as they are adequate representatives with claims typical of the other Class members. Accordingly, Brice and Fitzpatrick respectfully submit that they should be appointed Lead Plaintiffs.

## STATEMENT OF FACTS

MiMedx Group Inc. is a biopharmaceutical company that focuses on biomaterials for soft tissue repair, such as tendons, ligaments, and cartilage, as well as other biomaterial based

products for other medical applications. MiMedx utilizes a number of different distributors to deliver its products. Among those distributors is AvKARE, Inc. ("AvKARE") – a federal contractor. Through MiMedx's distribution agreement with AvKARE, the Company was able to order products directly to Department of Veterans Affairs ("VA") hospitals at will. The revenues derived from MiMedx's distribution agreement with AvKARE made up a significant portion of the Company's total revenue. In 2013, for example, 56% of the Company's total revenues were attributable to its agreement with AvKARE.

Founded in 2008, the Company is based in Marietta, Georgia, and its stock trades on the NASDAQ Capital Market  under the ticker symbol "MDXG."

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) MiMedx engaged in a "channel-stuffing" scheme designed to inappropriately recognize revenue that had not yet been realized; (ii) MiMedx failed to disclose its financial ties to physicians, as required by federal law; (iii) the Company lacked adequate internal controls over financial reporting; and (iv) as a result of the foregoing, MiMedx shares traded at artificially inflated prices during the Class Period, and class members suffered significant losses and damages.

In December 2016, two former employees of MiMedx filed a complaint against the Company, alleging, among other things, retaliatory termination by MiMedx after reporting fraudulent revenue recognition practices (defined herein as the "Whistleblower Action"). In particular, those employees alleged that MiMedx had engaged in a "channel-stuffing scheme" to "fraudulently recognize revenue [purportedly earned under its distribution agreement with AvKARE] in its certified financial statements before the revenue had been realized or realizable

2

and earned." The Company denied those claims and, in fact, sued the employees for tortious interference, among other things.

In September 2017 several market research analysts published reports which, among other things, focused on the allegedly fraudulent revenue recognition practices of MiMedx alleged in the Whistleblower Action. Again, MiMedx denied these allegations and sued each of the research companies for, among other things, libel, slander, and defamation.

On February 20, 2018, MiMedx issued a press release entitled "MiMedx Postpones Release of its Fourth Quarter and Fiscal Year 2017 Financial Results," announcing that its audit committee "ha[d] engaged independent legal and accounting advisors to conduct an internal investigation into current and prior-period matters relating to allegations regarding certain sales and distribution practices at the Company." MiMedx advised investors that "Company executives are also reviewing, among other items, the accounting treatment of certain distributor contracts." The Company further announced that, because of this internal investigation, it would delay the release of its fourth quarter and fiscal year 2017 financial results.

On this news, MiMedx's share price fell $5.72, or 39.53%, to close at $8.75 on February 20, 2018.

Then, on February 22, 2018, the *Wall Street Journal* published an article entitled "MiMedx, Fast-Growing Developer of Tissue Graft Products, Didn't Report Payments to Doctors." The article reported that MiMedx "has financial ties to more than 20 doctors . . . but the company hasn't reported these payments to the government under a 2013 law."

Following publication of the *Wall Street Journal* article, MiMedx's share price fell $1.22, or 13.48%, over the next two trading sessions, closing at $7.83 on February 23, 2018.

3

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

### A.   BRICE AND FITZPATRICK SHOULD BE APPOINTED LEAD PLAINTIFFS

Brice and Fitzpatrick should be appointed Lead Plaintiffs because they have the largest financial interest in the Action and otherwise meets the requirements of Rule 23. Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice.  Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Brice and Fitzpatrick satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the Class and, therefore, should be appointed Lead Plaintiffs for the Class.

### 1.      Brice and Fitzpatrick are Willing to Serve as Class Representatives

On February 24, 2018, counsel for plaintiff in the first action[1] to be filed against MiMedx arising from the alleged fraud at issue herein caused a notice to be published over *PR Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised investors of MiMedx securities that they had 60 days—*i.e.*, until April 25, 2018—to file a motion to be appointed as Lead Plaintiff.  *See* Declaration of Jeremy A. Lieberman in Support of Motion of Kevin Brice and James Fitzpatrick for Appointment as Lead Plaintiffs and Approval of Counsel ("Lieberman Decl."), Ex. A.

Brice and Fitzpatrick have filed the instant motion pursuant to the Notice, and they have attached Certifications attesting that they are willing to serve as representatives for the Class, and provide testimony at deposition and trial, if necessary.  *See* Lieberman Decl., Ex. B. Accordingly, Brice and Fitzpatrick satisfy the first requirement to serve as Lead Plaintiffs of the Class.

### 2.      Brice and Fitzpatrick Have the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).

As of the time of the filing of this motion, Brice and Fitzpatrick believe that they have the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated

---

[1] *MacPhee v. MidMex Group, Inc. et al,* 1:18-cv-00830 (N.D. Ga. Feb. 23, 2018).

in the seminal case *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered).[2] The most critical among the Lax Factors is the approximate loss suffered. *See*, *e.g.*, *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004); *Janovici v. DVI, Inc.*, No. 03-4795, 2003 U.S. Dist. LEXIS 22315, at *39 (E.D.Pa. Nov. 25, 2003); *In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*, 2004 U.S. Dist. LEXIS 10200, at *2–3 (E.D. Pa. Jun. 3, 2004); *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 572 (D. N.J. 2003).

During the Class Period, Brice and Fitzpatrick (1) purchased 294,540 shares of MiMedx securities; (2) expended $4,250,179 on their purchases of MiMedx securities; (3) retained 63,040 of their MiMedx shares; and (4) as a result of the disclosures of the fraud, suffered a loss of $380,385 in connection with their Class Period purchases of MiMedx securities.  *See* Lieberman Decl., Ex. C.  Because Brice and Fitzpatrick possess the largest financial interest in the outcome of this litigation, they may be presumed to be the "most adequate" plaintiffs.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.    Brice and Fitzpatrick Otherwise Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule

---

[2] *See also In re Olsten Corp. Sec. Litig.,* 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998).  *Accord In re Converse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory.")).

The claims of Brice and Fitzpatrick are typical of those of the Class. Brice and Fitzpatrick allege, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning the Company, or omitted to state material facts necessary to make the statements they did make not misleading. Brice and Fitzpatrick, as did all members of the Class, purchased MiMedx securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and were damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986); *Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent.'") (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

Brice and Fitzpatrick are adequate representatives for the Class. There is no antagonism between the interests of Brice and Fitzpatrick and those of the Class, and their losses demonstrate that they have a sufficient interest in the outcome of this litigation. Finally, Brice and Fitzpatrick have retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits their choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

###### 4.   Brice and Fitzpatrick Will Fairly and Adequately Represent the Interests of the Class and are Not Subject to Unique Defenses

The presumption in favor of appointing Brice and Fitzpatrick as Lead Plaintiffs may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interest of the class; or
>
> (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The ability and desire of Brice and Fitzpatrick to fairly and adequately represent the Class has been discussed above.   Brice and Fitzpatrick are not aware of any unique defenses defendants could raise that would render them inadequate to represent the Class. Accordingly, Brice and Fitzpatrick should be appointed Lead Plaintiffs for the Class.

### B.   LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.   *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001).   The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Brice and Fitzpatrick have selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest

settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States.  *See* Lieberman Decl., Ex. D.  As a result of the firm's extensive experience in litigation involving issues similar to those raised in the Action, Brice and Fitzpatrick's counsel have the skill and knowledge which will enable them to prosecute a consolidated action effectively and expeditiously.  Thus, the Court may be assured that by approving the selection of Lead Counsel by Brice and Fitzpatrick, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Brice and Fitzpatrick respectfully request that the Court issue an Order: (1) appointing Brice and Fitzpatrick as Lead Plaintiffs for the Class; (2) approving Pomerantz as Lead Counsel for the Class; and (3) granting such other relief as the Court may deem to be just and proper.

Dated:  April 25, 2018                          Respectfully submitted,

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
**POMERANTZ LLP**
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email:  jalieberman@pomlaw.com
          ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email:  pdahlstrom@pomlaw.com
*Counsel for Movants and*
*Proposed Lead Counsel for the Class*

**BRONSTEIN, GEWIRTZ
& GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
(212) 697-6484
peretz@bgandg.com

*Additional Counsel for Movants*