## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

KENNETH GORDON, Individually and On Behalf
of All Others Similarly Situated,

                    Plaintiff,

        v.

MIMEDX GROUP, INC., PARKER H. PETIT, and
MICHAEL J. SENKEN,

                 Defendants.

Honorable Edgardo Ramos
No: 1:18-cv-01831-ER

**ELECTRONICALLY FILED**

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF ARKANSAS TEACHER RETIREMENT SYSTEM FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ 1

II.    PROCEDURAL BACKGROUND ....................................................................... 3

III.    SUMMARY OF THE ACTION ......................................................................... 4

IV.    ARGUMENT ...................................................................................................... 5

    A.      ATRS Should Be Appointed Lead Plaintiff .......................................... 5

      i.    The PSLRA Standard for Appointment as Lead Plaintiff ..................... 5

      ii.    ATRS Is The "Most Adequate Plaintiff" ................................................ 7

          (a)    ATRS's Motion Is Timely Filed ................................................ 7

          (b)    ATRS Has the Largest Financial Interest ................................... 7

          (c)    ATRS Satisfies the Requirements of Rule 23 ............................ 7

            i.    ATRS Satisfies the Typicality Requirement of Rule 23 ......... 8

            ii.    ATRS Satisfies the Adequacy Requirement of Rule 23 ........ 9

            iii.    ATRS Is the Prototypical Lead Plaintiff Envisioned by the PSLRA ................. 10

    B.      This Court Should Approve ATRS's Choice of Lead Counsel ............... 10

V.    CONCLUSION ................................................................................................. 11

## TABLE OF AUTHORITIES

**Cases**                                                                                **Page**

*Faig v. Bioscrip, Inc.*,
  No. 13 Civ. 06922(AJN), 2013 WL 6705045 (S.D.N.Y. Dec. 1, 2013)................................... 8

*Ferrari v. Impath, Inc.*,
  No. 03-cv-5667, 2004 WL 1637053 (S.D.N.Y. July 20, 2004).............................................. 10

*Gordon v. MiMedx Group, Inc. et al.*,
  18-cv-01831-ER.......................................................................................................... 1, 4

*In re Bank of America Corp. Sec., ERISA & Deriv. Litig.*,
  No. 09-MDL-2058 (S.D.N.Y)........................................................................................ 11

*In re Facebook, Inc.*,
  MDL No. 12-2389 (S.D.N.Y. 2012) .................................................................................. 6

*In re Fannie Mae 2008 Securities Litigation*,
  No. 08-cv-07831 (S.D.N.Y.).......................................................................................... 11

*In re Merrill Lynch & Co., Inc. Securities, Derivative & ERISA Litigation*,
  No. 07-cv-9633 (S.D.N.Y.).......................................................................................... 11

*Jaybay v. Canadian Solar, Inc.*,
  272 F.R.D. 112 (S.D.N.Y. 2010) ..................................................................................... 8

*Kaplan v. Gelford*,
  240 F.R.D. 88 (S.D.N.Y. 2007) ................................................................................. 9, 11

*Kline v. MiMedx Group, Inc. et al.*,
  18-cv-00859-ELR ...................................................................................................... 1

*MacPhee v. MiMedx Group, Inc. et al.*,
  18-cv-00830-ELR .................................................................................................... 1, 3

*Reitan v. China Mobile Games & Entm't Grp., Ltd.*, No. 14-cv-4471, 2014 WL 6491433
  (S.D.N.Y. Nov. 20, 2014) .............................................................................................. 8

**Statutes**
15 U.S.C. § 78c-4(a)(3)(A)(i) .......................................................................................... 3, 6
15 U.S.C. § 78j(b) ......................................................................................................... 1
15 U.S.C. § 78t(a) ......................................................................................................... 1
15 U.S.C. § 78u-4(a)(1) .................................................................................................. 5
15 U.S.C. § 78u-4(a)(3)(A) .............................................................................................. 7
15 U.S.C. § 78u-4(a)(3)(B)(i) ......................................................................................... 5, 6
15 U.S.C. § 78u-4(a)(3)(B)(iii) ........................................................................................ 7
15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ................................................................................. 5, 6, 7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ........................................................................ 8
15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ............................................................................ 6
15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ..................................................................... 11
15 U.S.C. § 78u-4(a)(3)(B)(v) ............................................................................. 3, 11
15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(I) ........................................................................... 2

**Other Authorities**
H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* U.S.C.C.A.N. 730 ........................... 2, 10, 11

**Rules**
Fed. R. Civ. P. 23(a) ................................................................................................... 8
Fed. R. Civ. P. 23(a)(3) ............................................................................................. 8
Fed. R. Civ. P. 23(a)(4) ............................................................................................. 9

**Regulations**
C.F.R. § 240.10b-5 .................................................................................................... 1

Arkansas Teacher Retirement System ("ATRS") respectfully submits this memorandum of law in support of its motion for: (i) appointment as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (ii) approval of ATRS's selection of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") as Lead Counsel for the Class; and (iii) such further relief as the Court may deem just and proper.

## I.     INTRODUCTION

Presently pending in this District is at least one securities fraud class action, and at least two additional securities fraud actions are pending in the United States District Court for the Northern District of Georgia.[1]  These actions have been brought pursuant to Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5,17 C.F.R. § 240.10b-5, promulgated thereunder, against MiMedx Group, Inc. ("MiMedx" or the "Company") and certain senior officers of the Company in connection with statements made by the Company during the period March 7, 2013 through February 21, 2018, inclusive (the "Class Period").

Pursuant to the PSLRA, the Court is to appoint the "most adequate plaintiff" to serve as lead plaintiff.  15 U.S.C. §§ 78u-4(a)(3)(B)(i).  In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation

---

[1]      The action filed in this District is styled *Gordon v. MiMedx Group, Inc. et al.,* 18-cv-01831-ER (S.D.N.Y.) and was filed on March 1, 2018, alleging a class period of March 7, 2013 through February 21, 2018 (the "Action" or "*Gordon* Action").  The two actions in the Northern District of Georgia are styled: *MacPhee v. MiMedx Group, Inc. et al.,* 18-cv-00830-ELR (N.D. Ga.) (the "*MacPhee* Action"), which was filed on February 23, 2018 and alleges a class period of March 7, 2013 through February 19, 2018, and *Kline v. MiMedx Group, Inc. et al.,* 18-cv-00859-ELR (N.D. Ga.), which was filed on February 26, 2018 and alleges a class period of March 7, 2013 through February 20, 2018.  The Class Period as defined herein is the longest possible class period of the *MacPhee*, *Kline* and *Gordon* actions.  Contemporaneous with this filing, ATRS will move for appointment as Lead Plaintiff in the Georgia action as well.

and whether that movant has made a *prima facie* showing that it is a typical and adequate Class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(I).

ATRS – a sophisticated and experienced institutional investor with approximately $15 billion in assets on behalf of Arkansas' public school and education employees – respectfully submits that it is the "most adequate plaintiff" under the PSLRA's analysis and should be appointed Lead Plaintiff on behalf of all investors who purchased or otherwise acquired MiMedx securities during the Class Period.  ATRS incurred losses of ***over $1.5 million*** on its Class Period transactions in MiMedx securities as calculated on either a last-in-first-out ("LIFO") basis or a first-in-first-out ("FIFO") basis.[2]

In addition to asserting the largest financial interest in this litigation, ATRS also meets the applicable requirements of Rule 23 because (i) its claims arise from the same course of events as those of the other Class members, (ii) it relies on similar legal theories to prove Defendants' liability, and (iii) it has retained experienced counsel and is committed to vigorously prosecuting the Action.  Moreover, as a sophisticated institutional investor, ATRS is the prototypical Lead Plaintiff envisioned by Congress under the PSLRA, and its appointment would fulfill this critical legislative purpose.  *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of institutional investors

---

[2]     A copy of the Certification of Rod Graves, Deputy Director of ATRS (the "Certification") is attached as Exhibit B to the Declaration of Frederic S. Fox in Support of Motion of ATRS for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Choice of Lead Counsel, dated April 25, 2018 (the "Fox Decl.").  The Certification sets forth all transactions of ATRS in MiMedx securities during the Class Period.  Further, Exhibit C to the Fox Decl. is a calculation of financial losses sustained by ATRS on its Class Period transactions in MiMedx securities.

in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions").

Further, ATRS fully understands the Lead Plaintiff's obligations under the PSLRA, and is willing and able to undertake the responsibilities of a Lead Plaintiff to guarantee vigorous prosecution of the Action.

Therefore, ATRS respectfully requests that the Court approve its choice of Kaplan Fox as Lead Counsel for the Class.  *See* 15 U.S.C. §§ 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class"). Kaplan Fox is a nationally recognized securities class action litigation firm that has recovered billions of dollars in damages for defrauded investors.

Accordingly, ATRS respectfully requests that the Court appoint ATRS as Lead Plaintiff for the Class, and approve its selection of Lead Counsel.

## II.   PROCEDURAL BACKGROUND

On February 23, 2018, the first securities class action, the *MacPhee* Action, was commenced in the Northern District of Georgia on behalf of all persons or entities who purchased or otherwise acquired MiMedx common stock between March 7, 2013 and February 19, 2018, inclusive, for violations of Sections 10(b) and 20(a) of the Exchange Act, against MiMedx, Michael J. Senken (MiMedx's Chief Financial Officer), and Parker H. Petit (MiMedx's Chairman and Chief Executive Officer) (collectively, the "Defendants").  On February 24, 2018, notice was published over *PR Newswire* to class members, as required under 15 U.S.C. § 78c-4(a)(3)(A)(i) of the Exchange Act.  *See* Fox Decl., Ex. A.  The notice advised purchasers of MiMedx's shares of the existence of a lawsuit against Defendants and the nature of Defendants' statements and conduct that allegedly artificially inflated the price of MiMedx's shares.  The

notice further advised class members of their right to move the Court to be appointed Lead Plaintiff by April 25, 2018.  *See* Fox Decl., Ex. A.

Subsequently, the *Gordon* Action was filed in this District against the Defendants, on behalf of all persons or entities who purchased or otherwise acquired MiMedx securities between March 7, 2013 and February 21, 2018.

ATRS now moves this Court to be appointed as the Lead Plaintiff in the Action.

### III.    SUMMARY OF THE ACTION

MiMedx is a biopharmaceutical company that utilizes a number of different distributors to deliver its products.  *See* Compl., filed March 1, 2018 (ECF No. 1), at ¶ 2.[3]

In December 2016, two former employees of MiMedx filed a complaint against the Company, alleging, among other things, retaliatory termination by MiMedx after reporting fraudulent revenue recognition practices under its distribution contract with AvKARE, Inc.  *Id.* ¶ 5. In particular, those employees alleged that MiMedx had engaged in a "channel-stuffing scheme."  *Id.* The Company denied those claims and, in fact, sued the employees for tortious interference, among other things.  *Id.*

In September 2017, several market research analysts published reports that, among other things, focused on the allegedly fraudulent revenue recognition practices of MiMedx alleged in the former employees' complaint.  Again, MiMedx denied these allegations and sued each of the research companies for, among other things, libel, slander, and defamation.  *Id.*  ¶ 6.

Then, on February 20, 2018 – after months of denying that it had engaged in a fraudulent revenue scheme –  the truth allegedly emerged when MiMedx disclosed an "internal investigation into current and prior-period matters relating to allegations regarding certain sales and distribution

---

[3]      All references to "Compl. ¶_" herein are derived from the complaint filed in the *Gordon* Action.

practices at the Company," and with regard to "the accounting treatment of certain distributor contracts." *Id.* ¶ 7.  The Company further announced that, because of this internal investigation, it would delay the release of its fourth quarter and fiscal year 2017 financial results.  *Id.*

Following this disclosure, MiMedx's share price fell more than 39% to close at $8.75 per share on February 20, 2018.  *Id.*  ¶ 8.

ATRS and other similarly situated persons or entities that purchased MiMedx securities during the Class Period suffered losses on their investments because they purchased the Company's securities based on the Company's false and misleading statements.

## IV.   ARGUMENT

### A.   ATRS Should Be Appointed Lead Plaintiff

ATRS respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of the class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  As discussed more fully below, when selecting a lead plaintiff, the PSLRA establishes a presumption that the plaintiff "most capable of adequately representing the interests of class members" is the movant that has the "largest financial interest" in the relief sought by the Class, so long as it also satisfies the relevant requirements of Rule 23.   15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).   As set forth below, ATRS believes it is the "most adequate plaintiff" and should be appointed lead plaintiff.

#### i.   The PSLRA Standard for Appointment as Lead Plaintiff

The PSLRA sets forth the procedure for the selection of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §§ 78u-4(a)(1), 78u-4(a)(3)(B)(i).  Specifically, within 20 days after the date on which a class action is filed, the plaintiff shall cause to be

published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –

> (I)    of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II)   that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Further, the PSLRA directs the Court to consider any motions by plaintiffs or purported class members to serve as lead plaintiff in response to any such notice within 90 days after the date of publication of the notice, or as soon as practicable after the Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims.  15 U.S.C. § 78u-4(a)(3)(B)(i).

Under the relevant sections of the Exchange Act, the Court "shall" appoint the "most adequate plaintiff," and is to presume that plaintiff is the person or group of persons which:

> (aa)   has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption set forth in the PSLRA as to "the most adequate plaintiff" may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *In re Facebook, Inc.*, MDL No. 12-2389 (RWS), 288 F.R.D. 26, *38 (S.D.N.Y. 2012).

ii.    **ATRS Is the "Most Adequate Plaintiff"**

(a)    **ATRS's Motion Is Timely Filed**

Under the PSLRA, any Class member may move for appointment as lead plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed.  15 U.S.C. § 78u-4(a)(3)(A).  In this case, notice of the pendency of the first action, the *MacPhee* Action in the Northern District of Georgia, was published alerting investors that the deadline to seek lead plaintiff status is April 25, 2018.  *See* Fox Decl., Ex. A.

(b)    **ATRS Has the Largest Financial Interest**

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the movant with the "largest financial interest in the relief sought by the class," so long as the movant otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

ATRS incurred a substantial loss of ***over $1.5 million*** on its transactions in MiMedx securities on a LIFO and FIFO basis during the Class Period.  In addition, ATRS purchased 668,336 total shares of MiMedx stock during the Class Period, retaining 522,181 of those shares through end of the Class Period on a net basis, at a net cost of $5,331,488.  *See* Fox Decl., Exs. B and C.  ATRS is presently unaware of any other movant with a larger financial interest in the outcome of the Action.  Consequently, and also because it satisfies Rule 23's typicality and adequacy requirements as discussed below, ATRS is entitled to the legal presumption that it is the "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(iii).

(c)    **ATRS Satisfies the Requirements of Rule 23**

The PSLRA provides that, in addition to possessing the largest financial interest, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of

Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).

Rule 23 (a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, at this stage of the litigation, a movant need "only make a preliminary showing that the adequacy and typicality requirements have been met." *Jaybay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 120 (S.D.N.Y. 2010) (citations omitted); *see also Faig v. Bioscrip, Inc.*, No. 13 Civ. 06922(AJN), 2013 WL 6705045, at *3 (S.D.N.Y. Dec. 1, 2013).  As detailed below, ATRS satisfies the typicality and adequacy requirements of Rule 23(a) and is qualified to be appointed as lead plaintiff.

### i.  ATRS Satisfies the Typicality Requirement of Rule 23

The typicality requirement of Rule 23(a) is satisfied when (1) the claims of the proposed lead plaintiff arise from the same course of conduct that gives rise to the other purported class members' claims, (2) the claims are based on the same legal theory, and (3) the purported class members and proposed lead plaintiff were injured by the same conduct.  *See*, *e.g.*, *Reitan v. China Mobile Games & Entm't Grp., Ltd.*, No. 14-cv-4471, 2014 WL 6491433 (S.D.N.Y. Nov. 20, 2014), at *8 ("The typicality requirement of Rule 23(a)(3) is met where each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.").

The Exchange Act claims of ATRS are typical of the claims of the members of the putative Class.  Indeed, they and all other members of the proposed class purchased MiMedx

securities at prices inflated by Defendants' material misstatements and/or omissions and were damaged thereby. Since the claims of ATRS arise from the same course of conduct that caused other members of the class to acquire ATRS's securities at artificially inflated prices and are based on the same legal theory, the typicality requirement is satisfied.

**ii.      ATRS Satisfies the Adequacy Requirement of Rule 23**

The adequacy requirement of Rule 23(a)(4) is met if the representative party makes a showing that it will "fairly and adequately protect the interests of the class." Specifically, the adequacy requirement is fulfilled when: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Kaplan v. Gelford*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007).

Here, ATRS's interests are clearly aligned with the members of the Class, and there is no evidence of any antagonism between their interests and the interests of the Class. ATRS shares numerous common questions of law and fact with the members of the Class, and its claims are typical of the Class. Moreover, ATRS has demonstrated it is willing to serve as an advocate on behalf of the Class. Specifically, ATRS has signed a Certification stating that it is willing to serve as and assume the responsibilities of a lead plaintiff and class representative. *See* Fox Decl., Ex. B. Additionally, ATRS has retained competent and experienced counsel able to conduct this complex litigation in a professional manner. Thus, the close alignment of interests between ATRS and the Class, combined with ATRS's strong desire to prosecute these actions on behalf of the Class, weighs in favor of granting the instant motion.

### iii. ATRS Is the Prototypical Lead Plaintiff Envisioned by the PSLRA

In addition to satisfying the preliminary requirements of Rule 23, the appointment of ATRS as lead plaintiff also satisfies a critical legislative goal behind enacting the PSLRA – to encourage sophisticated institutions with large financial interests to serve as Lead Plaintiff in securities class actions.

Indeed, ATRS is a pension fund with substantial assets and, as such, is precisely the type of institutional investors that Congress sought to summon and empower to serve as lead plaintiff when it enacted the PSLRA. *See Ferrari v. Impath, Inc.*, No. 03-cv-5667, 2004 WL 1637053, at *3 (S.D.N.Y. July 20, 2004) (stating that institutional investors are the type of lead plaintiff that Congress wanted to encourage to participate in securities litigation and to exercise control over the selection and actions of plaintiff's counsel); H.R. Conf. Rep. No. 104-369, at *34 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions").   ATRS can zealously litigate this action and actively supervise Lead Counsel.  ATRS serves more than 75,000 working members and has approximately $15 billion in assets under management.

Thus, ATRS has sufficient incentive to vigorously prosecute the litigation and understands the importance of having an engaged lead plaintiff monitor the litigation and supervise counsel.  There is no question that ATRS has the requisite experience and expertise to vigorously represent the class in prosecuting this litigation.

### B. This Court Should Approve ATRS's Choice of Lead Counsel

The Court should approve ATRS's selection of Kaplan Fox to serve as Lead Counsel. The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to this

Court's approval.  15 U.S.C. § 78u-4(a)(3)(B)(v); *Kaplan*, 240 F.R.D. at 96.  Courts should not disturb the Lead Plaintiff's choice of counsel unless necessary to "protect the interests of the plaintiff class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); H.R. Conf. Rep. No. 104-369, at 35, *reprinted in* U.S.C.C.A.N. 730.

ATRS has selected counsel highly experienced in prosecuting securities class actions to represent it.  ATRS has retained the law firm of Kaplan Fox to serve as Lead Counsel.  Kaplan Fox has extensive experience litigating securities class actions and has successfully prosecuted numerous securities class actions on behalf of injured investors.  A copy of Kaplan Fox's resume is attached as Exhibit D to the Fox Declaration.  Moreover, Kaplan Fox is among the preeminent securities class action law firms in the country and has successfully prosecuted numerous securities class actions on behalf of injured investors, including as co-lead counsel in *In re Merrill Lynch & Co., Inc. Securities, Derivative & ERISA Litigation*, No. 07-cv-9633 (S.D.N.Y.), *In re Bank of America Corp. Securities, ERISA & Derivative Litigation*, No. 09-MDL-2058 (S.D.N.Y) and *In re Fannie Mae 2008 Securities Litigation*, No. 08-cv-07831 (S.D.N.Y.).

## V.     CONCLUSION

For the above reasons, and in order to promote judicial economy, ATRS respectfully requests that the Court: (i) appoint ATRS as Lead Plaintiff; (ii) approve its choice of Lead Counsel; and (iii) take such further relief as the Court deems just and proper.

April 25, 2018                              Respectfully submitted,

                                            /s/   Frederic S. Fox
                                            Frederic S. Fox
                                            Donald R. Hall
                                            Jeffrey P. Campisi
                                            **KAPLAN FOX & KILSHEIMER LLP**
                                            850 Third Avenue, 14th Floor
                                            New York, NY 10022
                                            Telephone:  (212) 687-1980
                                            Fax: (212) 687-7714
                                            ffox@kaplanfox.com
                                            dhall@kaplanfox.com
                                            jcampisi@kaplanfox.com

                                            *Proposed Lead Counsel for Lead Plaintiff Movant*
                                            *Arkansas Teacher Retirement System*

**CERTIFICATE OF SERVICE**

I, Frederic S. Fox, hereby certify that on April 25, 2018, I electronically filed the foregoing Memorandum of Law using the Court's CM/ECF system, which will automatically send a notice of electronic filing to counsel of record.

/s/ *Frederic S. Fox*

Frederic S. Fox