UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH GORDON, Individually and On Behalf of All others Similarly Situated,

Plaintiff,

- against -

MIMEDX GROUP, INC., PARKER H. PETIT, and MICHAEL J. SENKEN,

Defendants.

**OPINION AND ORDER**

18 Civ. 01831 (ER)

Ramos, D.J.:

This case arises out of alleged violations of the Securities Exchange Act of 1934 by MiMedx Group, Inc. ("MiMedx"), Parker H. Petit, and Michael J. Senken (collectively, the "Defendants"). Plaintiff Kenneth Gordon brought this class action on behalf of all persons, other than Defendants, who purchased or otherwise acquired MiMedx securities between March 7, 2013, and February 21, 2018 (the "Class Period").[1] The following parties move for appointment as lead plaintiff of the proposed class (the "Class"): Kevin Brice and James Fitzpatrick ("Brice & Fitzpatrick"); the Carpenters Pension Fund of Illinois ("Illinois Carpenters"); the Arkansas Teacher Retirement System ("Arkansas Teachers"); the Municipal Employees Retirement System of Michigan ("Michigan Employees"); and Wayne Feuerherm ("Feuerherm"). Each moves for appointment of its own counsel as lead counsel.

For the reasons set forth below, the motion of Arkansas Teachers is GRANTED. The motions of Brice & Fitzpatrick, Illinois Carpenters, and Feuerherm are DENIED.[2]

---

[1] Gordon voluntarily dismissed the case without prejudice as to all defendants on May 3, 2018. Doc. 28.

[2] Michigan Employees withdrew its motion. Doc. 26.

**I.      Background**

MiMedx is a biopharmaceutical company that develops and markets biomaterials for soft tissue repair and other medical applications. Doc. 3, 2. Throughout the Class Period, Defendants allegedly made materially false and misleading statements regarding MiMedx's business, operational and compliance policies. *Id*. Specifically, Plaintiff Gordon alleges on behalf of the Class that because of its inadequate internal controls concerning Securities and Exchange Commission ("SEC") regulations and ethics policies, MiMedx failed to disclose financial ties to doctors and a "channel-stuffing" scheme designed to inappropriately recognize unrealized revenue. *Id.* Consequently, MiMedx's public statements filed between March 7, 2013, and January 8, 2018, describing, *inter alia*, its purported commitment to the promotion of ethical conduct by its officers and its internal controls were allegedly materially false and misleading. *Id.* at 6–46. On February 20, 2018, MiMedx issued a press release announcing that it "would delay the release of its fourth quarter and fiscal year 2017 financial results" and that the audit committee "ha[d] engaged independent legal and accounting advisors to conduct an internal investigation into current and prior-period matters relating to allegations regarding certain sales and distribution practices at the Company." *Id.* at 48. On that day, MiMedx's stock price fell by 39.53 percent. *Id.* at 49.

Plaintiffs claim that Class members have suffered significant losses and damages due to Defendants' wrongful acts and omissions, and the subsequent decline in the market value of MiMedx's securities upon the issuance of the February 20, 2018 press release. *Id.* at 2.

On February 23, 2018, Norman MacPhee filed suit in the Northern District of Georgia on behalf of those that purchased or acquired MiMedx common stock between March 7, 2013, and February 19, 2018. *MacPhee v. MiMedx Group, Inc. et al.,* 18-cv-00830-ELR (N.D. Ga.). On

the next day, February 24, 2018, Block & Leviton LLP, a law firm representing MacPhee, issued a notice in the PRNewswire, as required by the Private Securities Litigation Reform Act ("PSLRA"). Doc. 14-1. Two days later, on February 26, 2018, another suit was filed in the Northern District of Georgia on behalf of those that purchased or acquired MiMedx common stock between March 7, 2013, and February 20, 2018. *Kline v. MiMedx Group, Inc. et al.,* 18-cv-00859-ELR (N.D. Ga.)

Two days later, on February 28, 2018, Plaintiff Gordon, through his counsel Pomerantz, filed the instant Class Action Complaint ("CAC") against Defendants. Doc. 3.

On April 25, 2018, the following parties filed motions to serve as lead plaintiffs and to appoint their respective counsels as lead counsel: Brice & Fitzpatrick, Doc. 9; Illinois Carpenters, Doc. 12; Arkansas Teachers, Doc. 15; and Feuerherm, Doc. 21. Defendants have not taken a position on the issue of appointment of lead plaintiff or counsel in this case.

On April 25, 2018, MiMedx Investor Group filed a notice of filing motion for appointment as Lead Plaintiff in the Northern of District of Georgia and informed the Court that it filed a Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of Counsel in the first-filed related action, *MacPhee v. MiMedx Group, Inc.*, No. 1:18-cv-00830-ELR (N.D. Ga.). Doc. 24. It further "refer[ed] the Court and the parties to the contents of its motion as filed in the Northern District of Georgia." On January 16, 2019, the Northern District of Georgia consolidated the two cases filed in that District and directed the Clerk's office to close *Kline v. MiMedx Group, Inc. et al.,* 18-cv-00859-ELR (N.D. Ga.) and add all parties to *MacPhee v. MiMedx Group, Inc. et al.,* 18-cv-00830-ELR (N.D. Ga.). *MacPhee v. MiMedx Group, Inc. et al.,* 18-cv-00830-ELR (N.D. Ga.), Doc. 41.

## II. Discussion

### A. Appointment of Lead Plaintiff

The PSLRA governs motions for the appointment of lead plaintiffs of putative class actions brought under the federal securities laws. *See, e.g.*, *In re Braskem S.A. Sec. Litig.*, No. 15 Civ. 5132 (PAE), 2015 WL 5244735, at *4 (S.D.N.Y. Sept. 8, 2015). The PSLRA instructs the Court to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u–4(a)(3)(B)(i). The statute sets forth a rebuttable presumption "that the most adequate plaintiff . . . is the person or group of persons" that (i) "has either filed the complaint or made a motion in response to" public notice of the filing of the class action, (ii) "has the largest financial interest in the relief sought by the class," and (iii) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." § 78u-4(a)(3)(B)(iii)(I). This presumption is rebutted "only upon proof by a member of the purported plaintiff class" that the presumptively most-adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." § 78u–4(a)(3)(B)(iii)(II).

#### i. Filing Complaint or Motion

Here, it is undisputed that all movants have satisfied the first requirement by filing timely motions on April 25, 2018, in response to public notice of suit. Docs. 9, 12, 15, 21.

#### ii. Largest Financial Interest

The next, most critical question is which "person or group of persons" seeking lead-plaintiff status has the largest financial interest in the relief sought by the putative class. Courts in this Circuit typically examine four factors to determine a lead plaintiff's financial interest:

4

(1) the total number of shares purchased during the class period;

(2) the net shares purchased during the class period (in other words, the difference between the number of shares purchased and the number of shares sold during the class period);

(3) the net funds expended during the class period (in other words, the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period); and

(4) the approximate losses suffered.

*Irving Firemen's Relief & Ret. Fund v. Tesco PLC*, No. 14 Civ. 10020 (RMB), 2015 WL 1345931, at *2 (S.D.N.Y. Mar. 19, 2015) (quoting *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 127–28 (S.D.N.Y. 2011)). "Of these factors, courts have consistently held that the fourth, the magnitude of the loss suffered, is most significant." *In re Braskem*, 2015 WL 5244735, at *4 (collecting cases).

Applying these factors, the Court finds that, of the parties who have made applications for lead plaintiff, Arkansas Teachers has the greatest financial interest in this case, as the chart below makes clear.

| Party | Total Shares | Net Shares | Net Funds | Loss Suffered |
|---|---|---|---|---|
| Arkansas Teachers | 668,336 | 522,181 | $5,331,488 | $1,500,000 |
| Feuerherm | 20,000 | 20,000 | $237,556.99 | $92,047.90 |
| Brice & Fitzpatrick | 294,540 | 63,040 | $4,250,179 | $380,385 |
| Illinois Carpenters | 80,280 | N/A | $1,100,000 | $385,500 |

No party contests the validity of the figures of the Arkansas Teachers. Accordingly, in the absence of any other pending motions for lead plaintiff, Arkansas Teachers is presumed to have the greatest financial stake in the litigation.

### iii. Rule 23 Requirements

Arkansas Teachers must still "satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure" in order to be appointed lead plaintiff. § 78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure 23(a) sets forth four requirements for class certification: (1) the class is so numerous that simple joinder of all members is impracticable; (2) there exist questions of law or fact common to the whole class; (3) the claims of the lead plaintiff are typical of the claims of the whole class; and (4) the lead plaintiff will adequately represent the interests of all class members. *See* Fed. R. Civ. P. 23(a). "When deciding competing motions to be appointed lead plaintiff under the PSLRA, however, a court need not conduct a full analysis of whether the requirements of Rule 23 have been met." *Faig v. Bioscrip, Inc.*, No. 13 Civ. 06922 (AJN), 2013 WL 6705045, at *3 (S.D.N.Y. Dec. 19, 2013). "Rather, '[a]t this stage of the litigation, a moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.'" *Id.* (quoting *Jambay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 120 (S.D.N.Y. 2010)); *see also, e.g.*, *Bo Young Cha v. Kinross Gold Corp.*, No. 12 Civ. 1203 (PAE), 2012 WL 2025850, at *6 (S.D.N.Y. May 31, 2012).

"The typicality requirement is satisfied when the class members' claims 'arise [ ] from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Peters v. Jinkosolar Holding Co.*, No. 11 Civ. 7133 (JPO), 2012 WL 946875, at *11 (S.D.N.Y. Mar. 19, 2012) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). The lead plaintiff's claims, however, "'need not be identical'

6

to the claims of the class to satisfy this requirement." *Id.* (quoting *Skwortz v. Crayfish Co., Ltd.*, No. 00 Civ. 6766 (DAB), 2001 WL 1160745, at * 6 (S.D.N.Y. Sept. 28, 2001)). Arkansas Teachers' claims here are typical. They arise from purchases of shares at prices that were inflated by the same alleged misstatements and omissions that the complainant and other movants base their claims on, and it also seeks the same relief, based on the same legal theories. Doc. 16, 12–13. Furthermore, "[n]o party or movant has contested [Arkansas Teachers'] typicality." *In re Braskem*, 2015 WL 5244735, at *6.

Arkansas Teachers has also made a sufficient showing of adequacy under Rule 23(a)(4). "The adequacy requirement is satisfied where '(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy.'" *Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 278 (S.D.N.Y. 2015) (quoting *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007)). Arkansas Teachers has retained competent and experienced counsel with extensive experience in these types of securities class actions. Doc. 17-4. It has also demonstrated losses that suggest it will have a strong interest in advocating on behalf of the Class. Doc. 17-3. Moreover, to date, there have not been any reported conflicts between Arkansas Teachers and the other members of the class.

* * *

As a result of its timely filing, its large financial stake, the typicality of its claims, and the adequacy of its representation, Arkansas Teachers is entitled to a presumption that it is the "most adequate plaintiff." § 78u-4(a)(3)(B)(iii)(I). That presumption stands unrebutted, because no other class member has come forth with proof that Arkansas Teachers "will not fairly and

adequately protect the interests of the class" or is subject to "unique defenses" that render it incapable of adequately representing the class. § 78u–4(a)(3)(B)(iii)(II). The Court therefore appoints Arkansas Teachers as lead plaintiff.

### B. Approval of Lead Counsel

The PSLRA provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." § 78u–4(a)(3)(B)(v). "There is a 'strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection.'" *Sallustro*, 93 F. Supp. 3d at 278 (quoting *In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.*, No. 03 MDL 1529 (LMM), 2008 WL 4128702, at *2 (S.D.N.Y. Sept. 3, 2008)).

Arkansas Teachers has moved for approval of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox & Kilsheimer") as lead counsel. No party or movant has objected to the proposed selection. After reviewing Arkansas Teachers' submission detailing Kaplan Fox & Kilsheimer's experience, the Court, like many other courts, concludes that the firm is qualified to serve as lead counsel of the class. Doc. 17-4. Accordingly, the Court approves Kaplan Fox & Kilsheimer as lead counsel.

**III. Conclusion**

For the aforementioned reasons, Arkansas Teachers' motion for appointment as lead plaintiff and approval of lead counsel is GRANTED. Arkansas Teachers is appointed as lead plaintiff, and Kaplan Fox & Kilsheimer is approved as lead counsel. The remaining motions for appointment of lead plaintiffs and approval of lead counsels are DENIED. The Clerk of the Court is respectfully directed to terminate the motions, Docs. 9, 12, 15, 18, 21.

It is SO ORDERED.

Dated: March 19, 2019
        New York, New York

Edgardo Ramos, U.S.D.J.